**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Junwei Qiu,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-06448-PHX-GS

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.) Pursuant to General Order 26-09, the Court directed Respondents to show cause why the Petition should not be granted. (Doc. 4 at 2.) In their Response, Respondents assert that they "do not oppose the habeas petition or Petitioner's request for a bond hearing." (Doc. 7 at 1.)

The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under 8 U.S.C. § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026) (holding that section 1226 governs inadmissible and deportable aliens apprehended in the interior of the United States). Further, because Respondents do not address the issue of whether Petitioner was re-detained without notice and without due process, the Court finds that Respondents have waived any opposition to that claim. *See N-E-M-B v. Wamsley*, CV-25-00989, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025)

---

[1] In the Petition, Petitioner alleges he entered the United States without inspection on February 18, 2024, and was thereafter apprehended and released on his own recognizance. (Doc. 1 at 1-2.)

("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, No. CV-25-03082, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is GRANTED.

(2) Respondents must IMMEDIATELY RELEASE Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a Notice of Compliance within **three (3) days** of Petitioner's release.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 21st day of September, 2026.

Honorable Greg Sakall
United States Magistrate Judge